UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Zoraya Almanzar,<br>Individually and on behalf of all others similarly-situated,<br><br>          Plaintiff,<br> -v-<br><br>Empire City Laboratories, Inc., and<br>Steve Nisan,<br><br>          Defendants. | Civ. Action #:<br><br>**Complaint**<br>**(Collective Class Action)**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Zoraya Almanzar, ("Plaintiff" or "Almanzar"), on behalf of herself and all others similarly-situated, by Abdul Hassan Law Group, PLLC, her attorney, complaining of the Defendants Empire City Laboratories, Inc., and Steve Nisan (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of himself, and other similarly situated current and former hourly employees who worked for the Defendants, individually, and/or jointly, and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week; (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff complains on behalf of herself and a class of other similarly-situated current and former hourly employees who worked for the Defendants, pursuant to the Fed. R. Civ. Proc. 23, that she and they are: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times the regular rate for each and all such hours over forty in a week, and (ii) entitled to costs and attorney's fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab.

1

Law §§ 650 et seq., ("NYLL") including NYLL § 663, and the regulations thereunder – 12 NYCRR § 142-2.2.

3. Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of herself and a class of other similarly-situated current and former employees who were employed by Defendants as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that she and they: 1) were employed by Defendants within the State of New York as manual workers; 2) entitled to maximum liquidated damages (for the period after April 9, 2011) and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendants from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

4. Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, under Article 6 of the New York Labor Law, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Zoraya Almanzar ("Plaintiff" or "Almanzar") is an adult, over eighteen years old,

who currently resides in Kings County in the State of New York.

9. Upon information and belief and at all times relevant herein, Defendant Empire City Laboratories, Inc. ("Defendant" or "ECL") was a New York for-profit corporation.

10. Upon information and belief and at all times relevant herein, the corporate Defendant was owned/controlled/managed by Defendant Steve Nisan ("Nisan"), who was in charge of the operations and management of Empire City Laboratories, Inc.

11. Upon information and belief and at all times relevant herein, the corporate Defendant ECL was owned/controlled/managed by Defendant Nisan and were his alter ego, and it was Defendant Nisan who controlled the employment of Plaintiff and was responsible for hiring, firing, scheduling, controlling, managing, supervising, and record-keeping as to plaintiff's employment, among other employment functions.

12. Upon information and belief, Defendants ECL and Nisan shared a place of business in Kings County, New York, at 4320 3rd Avenue, Brooklyn, NY 11232, where Plaintiff was employed.

13. At all times relevant herein, Defendants employed Plaintiff individually and/or jointly.

## STATEMENT OF FACTS

14. Upon information and belief, and at all relevant times herein, Defendants were in the business of providing clinical laboratory services within the New York Tri-State area. See https://www.empirecitylabs.com/

15. Upon information and belief, and at all relevant times herein, Defendants employed more than approximately 40 employees at any given time and more than 70 employees during the class period.

16. At all times relevant herein, Plaintiff was employed by Defendants from in or around August 2013 to in or around September 2015.

17. At all times relevant herein, Plaintiff Almanzar was an hourly employee of Defendants and was paid at a regular hourly rate of $11-$12 an hour, at separate times during her employment with Defendants.

18. At all times relevant herein, Plaintiff was employed by Defendants to perform a variety of manual and repetitive tasks including handling approximately 100-200 specimens packages daily and verifying and entering information from such specimens into Defendants' system.

19. At all times relevant herein, Defendants paid Plaintiff her straight regular rate for overtime hours worked (more than forty hours a week) – instead of the premium overtime rate of at least 1.5 times her regular rate. For example, for the bi-weekly pay period ending August 18, 2015, Plaintiff worked at least 120.52 hours and was paid at her straight regular rate of $12 an hour for each and all of these 120.52 hours. Likewise, for the bi-weekly pay period ending June 23, 2015, Plaintiff worked at least 119.70 hours and was paid at her straight regular rate of $11 an hour for each and all of these 119.70 hours. These examples are reflective of Defendants' payment pattern throughout Plaintiff's employment.

20. Plaintiff worked about 63-70 hours a week during her employment with Defendants and likely more; 6-7 days a week – numbers that will be refined when Defendants produce wages and time records it was required to keep under the FLSA and NYLL.

21. Plaintiff incorporates herein, <u>accurate</u> records of her time, wages and employment that Defendants required to keep pursuant to the FLSA and NYLL.

22. Upon information and belief, Defendants failed to pay Plaintiff and the putative class members at a rate of 1.5 times their regular rate for each and all overtime hours worked (hours over 40 in a week).

23. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

24. At all times relevant herein, Defendants did not provide Plaintiff and the class with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not state all

Plaintiff's rates of pay including her overtime rate of pay, among other deficiencies.

25. At all times relevant herein, Defendants paid Plaintiff and the class on a bi-weekly basis in violation of NYLL 191 (1)(a)(i).

26. Upon information and belief and at all times relevant herein, Defendants had annual revenues and/or expenditures in excess of $500, 000. Plaintiff references and incorporates herein, accurate copies of records of Defendant's business volume and revenues as well as business operations and commerce that defendant was required to keep and maintain under the FLSA including under 29 CFR 516.

27. Upon information and belief and at all times relevant herein, Defendant conducted business with medical laboratories and testing companies outside the state of New York.

28. Upon information and belief, and at all times relevant herein, Defendants and Plaintiff conducted business with insurance companies outside the state of New York.

29. Upon information and belief and at all times relevant herein, Defendants purchased essential equipment and supplies from vendors outside the state of New York.

30. At all times applicable herein, Defendants conducted business with vendors and other businesses outside the State of New York.

31. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

32. Defendant as a regular part of their business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

33. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, the internet and telephone systems.

34. All times applicable or relevant herein as to the FLSA overtime claim refers to <u>at least</u> the

two-year and three-year period preceding the filing of this complaint but this period may be longer. All times applicable or relevant herein as to the NYLL overtime claim refers to <u>at least</u> the six-year period preceding the filing of this complaint.

35. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay Plaintiff and the class at an overtime rate of at least one and one half times their regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

36. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters.

37. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff and the class of their federal and state minimum wage and overtime rights and failed to inform Plaintiff that they could seek enforcement of such rights through the government enforcement agencies.

38. "Plaintiff" as used in this complaint refers to the named Plaintiff.

39. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

40. Plaintiff alleges on behalf of herself and all others similarly-situated who opt into this action pursuant to 29 U.S.C. § 216(b), and incorporates by reference the allegations in paragraphs 1 through 39 above as if set forth fully and at length herein.

41. The named Plaintiff has consented to be part of this action by the filing of this action on her behalf and with her consent.

42. The class of similarly situated individuals as to the FLSA cause of action is defined as current and former employees of Defendants, and who 1) worked more than forty hours in a

week, within at least the three-year period, preceding the filing of this complaint; and 2) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

43. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 70 members of the class during the class period.

44. The class definition will be refined as is necessary, including after discovery if necessary.

45. At all times relevant to this action, Plaintiff and all those similarly-situated, were employed by Defendants within the meaning of the FLSA – 29 U.S.C 201 et Seq.

46. Upon information and belief, and at all times relevant to this action, Plaintiff and all those similarly similarly-situated, were engaged in commerce and/or in the production of goods for commerce and/or Defendants constituted an enterprise(s) engaged in commerce within the meaning of the FLSA including 29 U.S.C. §§ 207(a).

47. Upon information and belief and at all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues and/or expenditures in excess of $500,000.00 annually.

48. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff, and all those similarly similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

### Relief Demanded

49. Due to Defendant's FLSA overtime violations, Plaintiff and all those similarly-situated are entitled to recover from Defendants, their unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

50. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 48 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

51. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

52. The class of similarly-situated individuals as to the overtime cause of action under the NYLL is defined as current and former hourly employees of Defendants, and who: 1) were employed by Defendants within the State of New York; 2) worked more than forty hours in a week, within at least the six-year period, preceding the filing of this complaint; and 4) were not paid at an overtime rate of at least 1.5 times their regular rate for each and all hours worked in excess of forty hours in a week as also explained above.

53. The class definition will be refined as is necessary, including after discovery if necessary.

54. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 70 members of the class during the class period.

55. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

56. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid at least 1.5 times their applicable regular rate for all hours in excess of forty in a week.

57. Upon information and belief, the claims of the representative party are typical of the claims of the class.

58. The representative party will fairly and adequately protect the interests of the class.

59. The Defendants has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

60. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members at a rate of at least one and one half (1 ½) times their regular hourly rate for all hours worked in excess of forty each week within the meaning of New York Minimum Wage Act and the regulations thereunder – 12 NYCRR § 142-2.2.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

62. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142.

63. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, overtime compensation at rates not less than 1.5 times their regular rate of pay for each and all hours worked in excess of forty hours in a work week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2.

## **Relief Demanded**

64. Due to Defendants' NYLL overtime violations, Plaintiff, and all those similarly-situated, are

entitled to recover from Defendants, their unpaid overtime wage compensation, maximum liquidated damages, prejudgment interest, attorney's fees, and costs of the action, pursuant to NYLL § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## (NYLL § 191, 198 - Untimely Wage Payments)

65. Plaintiff alleges on behalf of himself and all others similarly-situated and incorporates by reference the allegations in paragraphs 1 through 64 above.

66. The class of similarly-situated individuals as to the second cause of action under the NYLL is defined as current and former employees who worked for the Defendants as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages *weekly* as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

67. The class definition will be refined as is necessary, including after discovery if necessary.

68. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 70 members of the class during the class period.

69. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

70. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

71. Upon information and belief, the claims of the representative party are typical of the claims of the class.

72. The representative party will fairly and adequately protect the interests of the class.

73. The Defendants have acted or refused to act on grounds generally applicable to the class,

thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

74. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class members their wages weekly, as required by NYLL 190(1)(a).

75. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

76. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 190(1)(a) and the regulations thereunder.

77. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 190(1)(a).

### Relief Demanded

78. Due to Defendants' NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendants, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

### AS AND FOR A FOURTH CAUSE OF ACTION
### NYLL § 190, 191, 193, 195 and 198

79. Plaintiff alleges on behalf of herself and all others similarly situated as class members, and

incorporates by reference the allegations in paragraphs 1 through 74 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

80. Plaintiff sues on her own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

81. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former hourly employees of Defendants who: 1) were not provided with the notice(s) required by NYLL 195(1), or 2) were not provided with the statement(s) required by NYLL 195(3).

82. The class includes but is not limited to employees who did not receive wage statements, employees who received wage statements but whose wage statements did not reflect all hours worked, all wages earned or rates of pay, and employees who did not receive the required wage notices setting forth the regular and overtime rate of pay among other information.

83. The class definition will be refined as is necessary, including after discovery if necessary.

84. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 70 members of the class during the class period.

85. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

86. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

87. Upon information and belief, the claims of the representative party are typical of the claims of the class.

88. The representative party will fairly and adequately protect the interests of the class.

89. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

90. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

91. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

92. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

93. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

94. At all times relevant herein, Defendants failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this

violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

95. Due to Defendants' New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, Plaintiff, and all those similarly-situated, are entitled to recover from Defendants, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

96. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

97. As to the **First Cause of Action**, award Plaintiff and those similarly situated, who opt-in to this action, their unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorney's fees pursuant to 29 USC § 216(b);

98. As to his **Second Cause of Action**, award Plaintiff and those similarly situated, their unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

99. As to the **Third Cause of Action**, award Plaintiff and the class, maximum liquidated damages (for the period after April 9, 2011), and interest on wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198.

100. As to his **Fourth Cause of Action**, award of Plaintiff and those similarly-situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including §

198.

101. Award Plaintiff prejudgment interest on all monies due;

102. Award Plaintiff and all others similarly-situated where applicable, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause, in addition to the relief requested in the wherefore clause;

103. Award Plaintiff and all others similarly-situated, such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
    November 13, 2016**

Respectfully submitted,

Abdul Hassan Law Group, PLLC

 _/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 - Fax: 718-740-2000
E-mail: abdul@abdulhassan.com
ATTORNEY FOR THE PLAINTIFF